## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**DARREN H.,**

       **Plaintiff,**

v.

                                         **CIVIL ACTION NO. 2:23-cv-614**

**FRANK BISIGNANO,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

       **Defendant.**

### *MEMORANDUM OPINION & ORDER*

This matter comes before the Court on Plaintiff Darren H.'s[1] Objections to the Report and Recommendation ("R. & R.") of the Magistrate Judge dated June 10, 2024. ECF No. 12 ("Pl.'s Obj."). For the reasons set forth below, the Magistrate Judge's R. & R. is **ADOPTED**, Plaintiff's Objections are **OVERRULED**, and the decision of the Commissioner[2] is **AFFIRMED**. Accordingly, the Commissioner's Motion for Summary Judgment, ECF No. 9, is **GRANTED**, Plaintiff's Motion for Summary Judgment, ECF No. 8, is **DENIED**, and the Final Decision of the Commissioner is **AFFIRMED**.

### I.    FACTUAL AND PROCEDURAL HISTORY

The facts and administrative procedural background are adopted as set forth in the Magistrate Judge's June 10, 2024, R. & R. ECF No. 11 ("R. & R."). On June 22, 2020, Plaintiff filed for disability insurance benefits ("DIB"). *Id.* at 2. Plaintiff alleged disability beginning March 14, 2020, based on

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, given significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Since the filing of this case, Martin O'Malley is no longer the Commissioner of Social Security; Frank Bisignano assumed the role. *See* Fatima Hussein, *Senate confirms Bisignano to lead Social Security Administration as agency faces DOGE overhaul*, AP NEWS, https://apnews.com/article/social-security-administration-bisignano-trump-doge-7ec043009064a58be57ce1465dec0481 (last updated May 6, 2025, 3:01 PM EDT). Commissioner Bisignano is automatically substituted as a party pursuant to Federal Rules of Civil Procedure 25(d).

high blood pressure, a metal rod in his left leg, a broken femur, small and large bowel resections, and a sciatic nerve. *Id.* The state agency initially denied Plaintiff's application and on reconsideration. *Id.* Plaintiff then requested an administrative hearing, which was held on September 21, 2022. *Id.* The Administrative Law Judge ("ALJ") held a telephonic hearing with Plaintiff and an impartial vocational expert ("VE"). *Id.* During the hearing, Plaintiff was not represented by counsel because his previous counsel resigned since he could not contact Plaintiff while he was incarcerated at the Virginia Beach Correctional Facility for about 10 months. *Id.* The ALJ then informed Plaintiff of his right to counsel and postponed the hearing to allow Plaintiff to obtain counsel. *Id.*

On January 6, 2023, the ALJ held a second hearing with Plaintiff and his counsel, and an impartial VE was present and testified. *Id.* On May 2, 2023, the ALJ denied Plaintiff's claim for DIB and found that he was not disabled from March 14, 2020, through March 31, 2023. *Id.* The ALJ determined that Plaintiff "did not have any impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1." *Id.* Additionally, the ALJ determined Plaintiff's Residual Functional Capacity ("RFC") allowed him to perform light work within the national economy. *Id.* On September 29, 2023, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.*

On December 1, 2023, Plaintiff filed his Complaint in this Court, seeking judicial review of the Commissioner's final decision that he was not disabled and that "the conclusions and findings of fact of the [Commissioner] are not supported by substantial evidence and are contrary to law and regulation." ECF No. 1. On January 30, 2024, this Court entered an Order referring this action to United States Magistrate Judge Douglas E. Miller to conduct hearings and submit proposed findings of fact, if applicable, and recommendations for the disposition of this matter pursuant to 28 U.S.C. § 636(b)(1)(B). ECF No. 4.

On January 31, 2024, Magistrate Judge Miller entered an order scheduling summary judgment briefing. ECF No. 5. On April 27, 2024, Plaintiff filed his Brief in Support of a Social Security Appeal.

ECF No. 8 ("Pl.'s Brief"). On May 6, 2024, the Commissioner filed a Brief in Support of the [Commissioner's] Decision Denying Benefits. ECF No. 9 ("Comm'r's Brief"). On May 17, 2024, Plaintiff filed his reply. ECF No. 10 ("Pl.'s Reply").

On June 10, 2024, Magistrate Judge Miller filed his R. & R. in which he recommended that the Court grant the Commissioner's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and affirm the Commissioner's decision. R. & R. at 23. On June 20, 2024, Plaintiff filed the instant Objections to the R. & R. On July 3, 2024, the Commissioner filed a response to Plaintiff's Objections. ECF No. 13 ("Comm'r's Resp."). Accordingly, this matter is now ripe for disposition by the Court.

## II.    LEGAL STANDARD

When considering a party's objections to the findings and recommendations of a magistrate judge, a district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. Proc. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). Under *de novo* review, the magistrate judge's report and recommendation carries no presumptive weight, and the district court may accept, reject, or modify the report, in whole or in part, receive further evidence, and may recommit the matter to the magistrate judge with instructions. Fed. R. Civ. Proc. 72(b)(3); *accord Holloway v. Bashara*, 176 F.R.D. 207, 209-10 (E.D. Va. 1997). The "*de novo*" requirement means that a district court judge must give "fresh consideration" to the relevant portions of the magistrate judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

A court reviewing a decision made under the Social Security Act must uphold the factual findings of the Commissioner "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but may be somewhat

less than a preponderance." *Id.*(internal quotation and citations omitted); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing for substantial evidence, the court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner (or the Commissioner's designate, the ALJ). *Craig*, 76 F.3d at 589. The ALJ's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971).

### III.    DISCUSSION

Plaintiff raises two objections to the Magistrate Judge's R. & R. First, Plaintiff contends that the ALJ "violated 20 C.F.R. § 404.1529 and SSR 16-3p, by failing to provide sufficient reasons for rejecting Plaintiff's allegations regarding disabling pain, the inability to stand for longer than about an hour, and the need to make unpredictable trips back and forth to the bathroom." Pl.'s Obj. at 1–3. Second, Plaintiff argues that "the RFC which the ALJ adopted is not supported by substantial evidence." *Id.* at 3–4.

The Court finds that these purported errors are unfounded and ultimately offered in an attempt to relitigate arguments raised on summary judgment, which the Magistrate Judge already addressed in his R. & R. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Nichols*, 100 F. Supp. 3d at 497. Because Plaintiff fails to properly object to the Magistrate Judge's disposition, the Court reviews the Magistrate Judge's findings for clear error rather than *de novo*. Fed. R. Civ. Proc. 72(b)(3); *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008) (reviewing for clear error because "[a]llowing a litigant to obtain *de novo* review of her entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless'") (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *accord Lee*, 2019 WL 3557876, at *1.

Regarding the first objection, Plaintiff argues that the "decision lacks sufficient reasons for rejecting Plaintiff's allegations regarding disabling pain, the inability to stand for longer than about an

4

hour, and the need to make unpredictable trips back and forth to the bathroom." Pl.'s Obj. at 2. Allegedly, the ALJ failed to articulate her consideration of Plaintiff's subjective allegations in her findings, and thus, her reasoning cannot be properly adopted. *Id.* However, the Commissioner argues that the ALJ supported and explained her findings throughout the decision. Comm'r's Resp. at 1. The ALJ allegedly considered that Plaintiff's physical impairments could cause some physical limitations but determined that these limitations are inconsistent with the medical evidence and other evidence part of the record. *Id.*

The Court concludes that Plaintiff's objection to the R. & R. appears to rehash her summary judgment argument and rejects such rehashing. Yet, even if Plaintiff had raised a proper objection, the Court would nonetheless find that the Magistrate Judge thoroughly considered Plaintiff's argument and properly rejected it. Judge Miller fully reviewed Plaintiff's contention and subsequently concluded that the ALJ considered Plaintiff's allegations regarding his disabling pain, inability to stand for longer than an hour, and gastrointestinal issues, and found that the medical evidence does not support Plaintiff's claims. R. & R. at. 20–21.

Further, Judge Miller determined that the ALJ's recommendation "complied with both the regulations and [United States Court of Appeals for the Fourth Circuit] precedent in evaluating Plaintiff's alleged limitations, and supported [her] decision with substantial evidence." *Id.* at 22. For example, Judge Miller found Plaintiff's allegation of disabling pain unconvincing because the evidence of the record "'does not support the alleged loss of functioning.'" *Id.* at 20 (internal citation omitted). Regarding Plaintiff's ability to stand for only an hour, Judge Miller also found Plaintiff's allegation unpersuasive because the record showed that his claim was inconsistent with the course of treatment and his gait was generally normal. Because of Plaintiff's standing issues, the ALJ "restricted Plaintiff to never climb[] ladders, ropes, or scaffolds . . . [in] an abundance of caution and his subjective complaints." *Id.* at 21. In another example, Judge Miller considered Plaintiff's gastrointestinal issues and found his claim inconsistent with the evidence because there were no records to support Plaintiff's

claim of unpredictable bathroom breaks. *Id.* In short, the Court finds no evidence to support Plaintiff's contention that Judge Miller committed any error. *Veney,* 539 F. Supp. 2d at 846. Thus, Plaintiff's first objection is overruled.

The Court also finds that Plaintiff's second objection regarding the fact that substantial evidence does not support the ALJ's decision determining that Plaintiff has the RFC to perform a limited range of light work is overruled for the reasons stated above. "Social Security Ruling 96-8p explains that the RFC 'assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Monroe v. Colvin,* 826 F.3d 176, 189 (4th Cir. 2016). Here, based on the R. & R., the ALJ conducted a thorough analysis and included a narrative discussion describing how the evidence supported her conclusion. *See* Admin. R. 16–26, ECF No. 3 ("R."); R. & R. at 19–22. As such, Plaintiff's objection is merely a restatement of his first objection, and to avoid belaboring the point, the ALJ's RFC is supported by substantial evidence. Thus, Plaintiff's second objection is overruled.

In short, the Court finds no evidence to support Plaintiff's contention that the Magistrate Judge committed any error. *Veney,* 539 F. Supp. 2d at 846. Therefore, the Court finds that the Magistrate Judge did not err in concluding that the ALJ correctly weighed all evidence in the record before finding Plaintiff's allegations regarding his conditions unpersuasive. R. & R. at 22. In addition, the ALJ did not cherry-pick facts to support her finding while ignoring other conflicting evidence but relied on substantial evidence in the record to support her conclusions. *See Reid v. Comm'r of Soc. Sec.,* 769 F.3d 861, 865 (4th Cir. 2014) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision."). Accordingly, the Final Decision of the Commissioner is affirmed.

## IV. CONCLUSION

This Court has carefully and independently reviewed the record in this case and the objections to the R. & R. Having done so, the Court finds there is no meritorious reason to sustain Plaintiff's

objections. Therefore, the Court **OVERRULES** Plaintiff's Objections, ECF No. 12, to Judge Miller's Report and Recommendation. Furthermore, the Court has reviewed the remainder of the R & R along with the record of this case and finds no clear error. For these reasons, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on June 10, 2024. ECF No. 11. Accordingly, Plaintiff's motion for summary judgment, ECF No. 8, is **DENIED**, Defendant's motion for summary judgment is **GRANTED**, ECF No. 9, and the Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Acting Commissioner. This case is **DISMISSED** with prejudice.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 21 , 2025

Raymond A. Jackson
United States District Judge